IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|    Melvin L. Thomas & | ) | |
|    Carol L. Van Arkel, | ) | No. 06 C 7064 |
|    Debtors. | ) | |
| _____ | ) | |
| | ) | Appeal from the United States Bankruptcy |
| Carol Van Arkel | ) | Court for the Northern District of Illinois |
|    Appellant /Debtor, | ) | |
|    v. | ) | No. 05 B 42758 |
| | ) | |
| Discover Financial Services, | ) | Adversary Proceeding No. 06 A 1122 |
| LLC, | ) | |
|    Appellee/Creditor. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

This is an appeal from the judgment of the United States Bankruptcy Court dismissing appellant Carol Van Arkel's Amended Adversary Complaint for failure to state a claim.

PROCEDURAL HISTORY

On October 2, 2005, Carol Van Arkel and her husband, Melvin Thomas, jointly filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, No. 05 B 42758. In that bankruptcy petition, Van Arkel and Thomas listed $446,000.00 in secured claims, $6,478.90 in priority claims and over $191,000.00 in unsecured claims against them. Of the over $191,000.00 in unsecured debt, $12,300.00 was owed by Van Arkel on the credit card account which is at issue here ("Account"), and which had been held by Van Arkel with appellee Discover Financial Services, LLC ("Discover") since at least June 2000.

On May 26, 2006, appellant Van Arkel filed a two-count adversary complaint against Discover regarding the Account pursuant to the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.*, the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a)(3). Van Arkel on June 16, 2006 filed an Amended Adversary Complaint alleging that her monthly credit card statements dated September 17, 2004 and October 17, 2004, submitted to Van Arkel by appellee Discover contained billing errors consisting of the assessment of interest, finance charges, and other fees set forth on those credit card statements. To further explain the purported nature of what Van Arkel claimed were the alleged billing errors, Van Arkel's Amended Adversary Complaint alleged in paragraphs 10 and 11 that:

> 10. It was Van Arkel's belief that Discover failed to provide a disclosure of Plaintiff's billing error rights, as required by 15 U.S.C. § 1637(a)(7), **before** opening the Plaintiff's open-end credit line.
>
> 11. It was only after such account was already opened that Discover made such disclosure some time thereafter.

(emphasis in original.)

Discover moved to dismiss Van Arkel's Amended Adversary Complaint on June 17, 2006. After Discover's Motion to Dismiss had been fully briefed by counsel, Bankruptcy Judge Bruce W. Black on November 3, 2006 granted the motion from the bench stating:

> THE COURT: All right. I have the motion under advisement, motion to dismiss, and I will give you an oral opinion on that. And you can have a seat, if you can find a place to take notes if you want to, or you can just remain at the podium.
>
> The decision comes down to one issue, were the debtors' letters to Discover, which were entitled to "Notice of billing error," end quote, actually valid notices of billing errors pursuant to 15 USC Section 1666. If they were valid notices, then the debtors' complaint states several claims. If it were not valid notices of billing errors, then Discover did not violate any provisions of TILA or FCBA because only a valid notice would trigger Discover's required complaints.
>
> I conclude as a matter of law that the letters do not constitute valid notices

of billing errors under the statute. According, the motion to dismiss will be granted. This is a question of law. I think that public policy and common sense both side with Discover, but Van Arkel has, and attempts to have, is really not a dispute with billing on her account. She claims that she never received the necessary disclosures of several years ago when she opened her account. And I view to allow a consumer to take any issue with the credit card company and couch it in the terms of a billing dispute, thereby triggering the protections of the FCBA and TILA would defeat the point of having a separate section of the statute for billing errors and a separate one for disclosure requirements. Any consumer who didn't want to pay or could not pay the credit card bill would merely write a letter, such as this debtor did, and receive the protections meant for a consumer who has been erroneously charged for a purchase they didn't make or for some legitimate billing error. Here Van Arkel does not allege any erroneous computation, allege any purchases on the account were not made by her. She merely alleges that Discover's failure to provide her with certain disclosures when she opened the account means she's not responsible for any interest or fees on the account. I don't think that was the intent of Congress in enacting either one of these statutes. I think that's clear by Congress including the issue of disclosures in a separate section of the statutes. And it would not have had two sections if they wanted one to cover both factual circumstances.

Accordingly, the motion to dismiss is granted, and both counts of the complaint are dismissed without leave to refile.

(November 3, 2006 Tr. 3-4.)

This appeal followed.

## BACKGROUND

After more than three-years of using her Discover Account, Van Arkel in November 2004 wrote Discover a letter alleging what she claimed to be billing errors resulting solely from the Discover's alleged disclosure failures. Van Arkel's letter (which is quoted in pertinent part below) asserted no other type of billing error. Specifically, as stated by Van Arkel on pages 3 and 4 of her initial brief on appeal:

In this letter, Van Arkel states in pertinent part:

3

Re:   Account 6011 0077 9065 2258

Dear Discover Platinum Dispute Department:

## NOTICE OF BILLING ERROR

Pursuant to 15 U.S.C. 1666, I am writing to you at the address on my billing statements to be used for billing inquiries within sixty days of receiving statements of my account dated 9/17/2004 and 10/17/2004. . . . I hereby provide you notice that I believe said statements contain errors in the total amount you allege to be due, and other more specific items, as laid out more completely below. My belief that the statements contain billing errors under 15 U.S.C. 1666(b)(1), (2), and (5) is based upon my belief that you failed to give all the proper disclosures required by law to me prior to opening this account, and additional disclosures since then. Because you failed to provide these disclosures, the account could not legally be opened and I should not be responsible for the payment of interest, fees or other finance charges. While I understand that I will likely still be responsible for the repayment of purchases and cash advances, I do not believe I should be responsible for interest, finance charges and other fees. As I have made payments on this account that should have been applied to these improper charges the items I claim are billing errors are improperly reflected on the statements in the incorrect amount and/or inaccurate due to a computation or accounting error.

## DISPUTE OF OBLIGATION AND
## BILLING ERROR PURSUANT TO 15 U.S.C. § 1666(B)(1) and (5)

Because I believe I should not have been charged finance charges or fees for the history of this account, I dispute the accuracy of the following items on my statements. . . . More specifically, I dispute the accuracy of:

1. the alleged current balance of $8,385.74,
2. the alleged finance charges of $135.61, and
3. the minimum payment allegedly due of $168.00 that are listed on the statement dated 9/17/2004.

I further dispute the accuracy of:

1. the alleged previous balance of $8,385.74,
2. the alleged current balance of $11,396.11,
3. the alleged finance charges of $143.61, and
4. the minimum payment allegedly due of $228.00 that are listed on the statement dated 10/17/2004.

## BILLING ERROR PURSUANT TO 15 U.S.C. § 1666(b)(2)

4

Because you claim my indebtedness rests on the existence of the alleged account and cardholder agreement . . . I request the documentary evidence of indebtedness detailed below. The statements contain billing errors under 15 U.S. C. § 1666(b)(2) in that the statements reflect inaccuracies through their individual items, the entire balance due, finance charges and all extensions of consumer credit for which you claim I am indebted to you, and I request additional clarification regarding all such extensions of consumer credit, including all documentary evidence thereof you possess or are able to obtain, specifically including, but not limited to the following:

> 1. Copies of all records of my written and signed authorizations for any purchases from all vendors for which an extension of consumer credit is claimed to have been made.
>
> 2. For any claimed extension of consumer credit where there is not a written authorization signed by me, a copy of all records of evidence of any other authorization by me, such as use of my PIN, or other identifying information.
>
> . . .
>
> 4. Copies of documents showing that all disclosures required by law that were given to me prior to opening this account, at any renewing of the account, and otherwise; including documentary evidence that any such disclosure was made to me, by whom, when, how, and where.
>
> 5. The original cardholder agreement to which you allege I first agreed to, as well as any amendments you alleged made thereto.
>
> 6. An accounting of all interest, fees, or other charges assessed to my account since it was opened.
>
> 7. Clarification of the amounts(s) that I will need to pay pending the resolution of this billing error dispute and when such amounts will need to be paid.
>
> . . . .
> Sincerely,
>
> Carol L. Van Arkel and Melvin Thomas

## ANALYSIS

Accepting all the well-pleaded allegations as true, *County of McHenry v. Insurance Co. of*

*the West*, 438 F.3d 813, 816 (7th Cir. 2006), this court believes that based upon the allegations of her Amended Adversary Complaint (Dkt. No. 3), Van Arkel pled herself out of court, just as the plaintiff did in *McCready v. EBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). There the Seventh Circuit stated:

> "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *Id.* (citations omitted). In other words, if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996).

Here because Van Arkel's Amended Adversary Complaint alleged no purported billing error other than Discover's alleged failure to make proper disclosures before opening Van Arkel's line of credit, and because the failure to make proper disclosure is, as a matter of law, not a billing error defined by 15 U.S.C. § 1666(b), Van Arkel has not stated a legally cognizable claim.

I.   Statutory Scheme

Congress established a statutory scheme to protect consumers borrowing money. Within that statutory scheme, Congress has set out specific obligations lenders, including credit card companies such as Discover, have when extending credit to consumers. The specific statutory sections and their pertinent regulations, as well as the procedures described therein, are designed to address defined consumer rights and to provide consumers specific statutory remedies to protect those defined rights.

   A.   Creditors' Statutory Disclosure Obligations

The disclosures required for open-ended credit plans, such as Van Arkel's Account, are set forth in 15 U.S.C. § 1637 and 12 C.F.R. § 226.5a.[1]

---

[1] For example, 12 C.F.R. § 226.5a(b)(1) requires a credit card issuer to disclose, in addition to other information:

Title 15 U.S.C. § 1640 articulates the civil liability arising from a creditor's failure to make proper disclosures. That section does not refer in any manner to a creditor's "billing error" obligations under the FCBA, 15 U.S.C. § 1666 *et seq.* Nor does § 1640 indicate in any manner that a creditor's failure to make a disclosure required by § 1637 is a statutorily defined "billing error" under the FCBA, 15 U.S.C. § 1666 *et seq.*

B.    Creditors' Statutory Billing Error Obligations

The FCBA, 15 U.S.C. § 1666 *et seq.* specifies the procedures and obligations of both the creditor and the obligor with regards to billing errors on credit card statements such as the September 17, 2004 and the October 17, 2004 statements submitted to Van Arkel by Discover on her Account.

In 15 U.S.C. § 1666(b), the statutory term "billing error" is defined as follows:

> **(b)**     **Billing error**
>
> For the purpose of this section, a "billing error" consists of any of the following:
>
> **(1)**     A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.
> **(2)**     A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary

---

(1)    Annual percentage rate.
(2)    Fees for issuance or availability.
(3)    Minimum finance charge.
(4)    Transaction charges.
(5)    Grace period.
(6)    Balance computation method.
....
(8)    Cash advance fee.
(9)    Late payment fee.
(10)    Over-the-limit fee.
(11)    Balance transfer fee.

evidence thereof.
**(3)** A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of transaction.
**(4)** The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.
**(5)** A computation error or similar error of an accounting nature of the creditor on a statement.
**(6)** Failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the filling cycle for which the statement is required.
**(7)** Any other error described in regulations of the Board.

The Federal Reserve Board, referred to in 15 U.S.C. § 1666(b)(7) as "the Board," has never promulgated any regulation to cause a creditor's disclosure failure to be included or encompassed within the statutory definition of "billing error." Congress could have included a creditor's failure to provide § 1637 disclosures within the § 1666(b) definition of "billing error," and the Federal Reserve Board could have done so as well, but neither has. This court believes, as did Judge Black, that given the statutory scheme of consumer protection enacted by Congress, and amended by Congress when the need arises, the courts should not create common law concepts of inclusion or place further obligations upon creditors or consumers where Congress has not.

II.  Case Law

The parties did not cite nor did this court's legal research produce any case law precedent directly addressing the issue presented here. The two district court cases addressed by the parties, *Raney v. First National Bank of Nebraska*, No. 06-8-DLB, 2006 WL 2588105 (E.D. Ky. Sept. 8, 2006) and *Eicken v. USAA Federal Savings Bank*, No. H-05-4139, 2006 WL 1663371 (S.D. Tex. June 12, 2006), are not sufficiently on point to provide persuasive guidance.

Consequently, based on the court's review of applicable statutes and regulations, this court

holds that the allegations of Van Arkel's Amended Adversary Complaint, which this court accepts as true, which allege in paragraph 10, "that Discover failed to provide a disclosure of Plaintiff's billing error rights, as required by 15 U.S.C. § 1637(a)(7), **before** opening the Plaintiff's open-end credit line" (emphasis in original), and which allege in paragraph 11 "It was only after such account was already opened that Discover made such disclosure some time thereafter," do not state a claim. The Bankruptcy Court properly dismissed Van Arkel's Amended Adversary Complaint on that basis.

This analysis is consistent with the law laid down by the United States Supreme Court in *American Express Company v. Koerner*, 452 U.S. 233 (1981), which has remained unchanged for over a quarter century. There the Supreme Court looked only to 15 U.S.C. § 1666(b) in defining "billing error," 452 U.S. at 236, n.2, and interpreted the TILA statutory scheme to honor the manner "Congress has restricted," 452 U.S. at 245.

## CONCLUSION

The judgment of the United States Bankruptcy Court dismissing appellant Carol Van Arkel's Amended Adversary Complaint for failure to state a claim is affirmed.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: September 13, 2007

9